**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon McIver, et al., | No. CV-23-00128-TUC-JAS (MSA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Roundpoint Mortgage Servicing LLC, et al., | |
| Defendants. | |

Before the Court are Plaintiffs Brandon and Bianca McIver's motion for sanctions and the Court's Order to Show Cause, both of which are directed at attorney Ian David Quinn. For the following reasons, the Court will grant the motion, disqualify Mr. Quinn as counsel of record for Defendant Planet Home Lending, LLC, and order Defendant to find new counsel.

## Background

In December 2023, at the request of all parties, the Court referred this matter to Magistrate Judge Ambri for a settlement conference. (Docs. 46, 47.) Judge Ambri initially scheduled the conference for January 25, 2024, at 9:30 a.m. (Doc. 48.) On that day, at 9:23 a.m., Mr. Quinn sent the following one-sentence email to Judge Ambri's chambers and counsel for the other parties: "I am ill and can not participate." (Doc. 55-1.) The conference was canceled.

Judge Ambri reset the conference for March 4 at 9:30 a.m. (Doc. 53.) The Order resetting the conference provides that, "[a]bsent good cause, if any party, counsel, or representative fails to promptly appear at the conference, fails to comply with the terms of

this Order, is substantially unprepared to meaningfully participate, or fails to participate in good faith, the Magistrate Judge may impose sanctions . . . ." (*Id.* at 3.) On March 4, at 8:36 a.m., Mr. Quinn sent an email to the other parties' counsel, stating that he was "unable to attend [the] conference" and would "substitute out of the case." (Doc. 55-2.) The conference was canceled again.

Plaintiffs' counsel emailed Mr. Quinn twice, on March 8 and March 18, to inquire as to when he would be withdrawing. (Docs. 55-3, 55-4.) Mr. Quinn did not respond. On March 28, Plaintiffs moved for sanctions, arguing that Mr. Quinn had violated Federal Rule of Civil Procedure 16(f) by not appearing at the second conference. (Doc. 55.) Mr. Quinn did not respond to the motion. Because Mr. Quinn's disengagement had brought this case to a standstill, on April 12, the Court ordered him to file a written response showing cause as to why he should not be sanctioned under Rule 16(f). (Doc. 56.) Mr. Quinn did not respond to the Order to Show Cause.

The Court set a hearing on May 7 to give Mr. Quinn a final chance to address the motion for sanctions and the Order to Show Cause. (Doc. 58.) Mr. Quinn did not appear at the hearing, and counsel for the other parties advised the Court that they had not had any recent contact with him. (Doc. 59.) The Court indicated that it would issue a formal order granting Plaintiffs' motion and disqualifying Mr. Quinn as counsel. This is that order.

**Discussion**

The Court finds that Mr. Quinn must (I) be sanctioned under Federal Rule of Civil Procedure 16(f) and (II) be disqualified as counsel of record for Defendant Planet Home Lending, LLC.

**I.    Mr. Quinn must be sanctioned under Rule 16(f).**[1]

Rule 16(f)(1) authorizes sanctions against an attorney who "fails to appear at a scheduling or other pretrial conference" or who "fails to obey a scheduling or other pretrial order." A district court has "broad discretion" both in deciding whether to impose sanctions and in deciding what sanction is appropriate. *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385,

---

[1] A magistrate judge may impose sanctions when doing so would not be dispositive of a claim or defense. LRCiv 72.2(a)(1). The sanctions imposed here are nondispositive.

- 2 -

Case 4:23-cv-00128-JAS-MSA   Document 60   Filed 05/08/24   Page 3 of 5

1397 (9th Cir. 1993). However, an attorney "*must* . . . pay the reasonable expenses—including attorney's fees—incurred because of [his] noncompliance with [Rule 16(f)(1)], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

Here, Mr. Quinn failed to appear at the March 4 settlement conference before Judge Ambri, so he is subject to sanctions for "fail[ing] to appear at a . . . pretrial conference." Fed. R. Civ. P. 16(f)(1)(A); *see Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming Rule 16(f) sanctions against an attorney who failed to appear at a settlement conference). Furthermore, because Judge Ambri's Order incorporated the requirements of Rule 16(f), Mr. Quinn is also subject to sanctions for "fail[ing] to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1)(C). And because Mr. Quinn has not participated in these sanction proceedings, the Court has no reason to find that his conduct was substantially justified or that an award of fees and costs would be unjust. Therefore, Mr. Quinn must pay Plaintiffs' fees and costs as a sanction. The motion will be granted.[2]

**II.     Mr. Quinn must be disqualified as counsel of record.**

"[T]he district court has primary responsibility for controlling the conduct of attorneys practicing before it." *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983) (citing *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980)). And "[t]he courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. This means that a court may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety." *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322, 1324–25 (9th Cir. 1976) (per curiam) (quoting *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382, 1385–86 (3d Cir. 1972)). Because this District's local rules incorporate the Arizona Rules of Professional Conduct, LRCiv 83.2(e), those rules govern the issue of disqualification, *Radcliffe v. Hernandez*, 818 F.3d

---

[2] "Imposition of sanctions under Rule 16(f) requires notice and an opportunity to be heard." *Ayers*, 895 F.2d at 1270 (citing *Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir. 1986)). The motion for sanctions and Order to Show Cause constitute notice, and Mr. Quinn had the opportunity to respond in writing (twice) and in person at the show-cause hearing. As such, Mr. Quinn received due process. *See id.* (holding that due process was satisfied by an order to show cause and a show-cause hearing).

537, 541 (9th Cir. 2016).

In Arizona, "the rules of professional responsibility are for ethical enforcement and are not designed to be used as a means to disqualify counsel." *Amparano v. ASARCO, Inc.*, 93 P.3d 1086, 1092 (Ariz. Ct. App. 2004). Still, courts may "look[] to the ethical rules for guidance on disqualification issues," *id.*, and "attorney disqualification can be warranted in cases of truly egregious misconduct which is likely to infect future proceedings," *Speer v. Donfeld*, 969 P.2d 193, 200 (Ariz. Ct. App. 1998) (quoting *Royal Indem. Co. v. J.C. Penney Co.*, 501 N.E.2d 617, 620 (Ohio 1986)).

Mr. Quinn has violated numerous ethical duties. To name a few, he has a duty to "provide competent representation to [his] client," which, obviously, requires him to appear on behalf of his client at hearings. ER 1.1. He has a duty to "act with reasonable diligence and promptness in representing [his] client," which means "carry[ing] through to conclusion all matters undertaken for [the] client." ER 1.3 & cmt. 4. He also has a duty to "make reasonable efforts to expedite litigation consistent with the interests of [his] client." ER 3.2. His disappearance from this case two months ago is a violation of all these rules. And it is egregious misconduct that is likely to infect future proceedings, i.e., his continued absence will ensure that this case remains at a standstill. Therefore, disqualification is necessary.

\* \* \*

**IT IS ORDERED:**

1. Plaintiffs' motion for sanctions (Doc. 55) is **granted**. Attorney Ian David Quinn must pay Plaintiffs' fees and costs resulting from his misconduct, as described above. Plaintiffs must file their motion for fees and costs no later than **May 20, 2024**.

2. Attorney Ian David Quinn and Quinn Law PLLC are **disqualified** as counsel of record for Planet Home Lending, LLC. The Clerk of Court shall modify the docket to reflect that Mr. Quinn and his firm are no longer counsel of record.

3. The Clerk of Court shall send a copy of this Order to Planet Home Lending, LLC at the address of its statutory agent:

ATTN: Planet Home Lending, LLC
Corporation Service Company
8825 North 23rd Avenue, Suite 100
Phoenix, AZ 85021

4. Planet Home Lending, LLC has **45 days** from the date of this Order to find licensed counsel and have counsel enter an appearance.

Dated this 8th day of May, 2024.

*Maria S. Aguilera*
Honorable Maria S. Aguilera
United States Magistrate Judge